UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GABRIEL D. COURTNEY,

    Plaintiff,

v.                                      Case No. 8:25-cv-1621-TPB-CPT

FLORIDA STATE DISBURSEMENT UNIT,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Gabriel D. Courtney's complaint filed on June 23, 2025. (Doc. 1). Plaintiff filed this suit against the "Florida State Disbursement Unit" and essentially challenges the entry of a final administrative child support order that was entered on September 28, 2007, in state court proceedings – he appears to request the removal of "all child support and arrears."[1] Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

Plaintiff's complaint suffers from a number of critical defects. First, the complaint appears to take issue with state court rulings, orders, and judgments related to child support obligations. His claims are therefore likely barred by the *Rooker-Feldman* doctrine because he essentially seeks review of state court proceedings and rulings by a federal court. Federal courts are not the appropriate

---

[1] An "Arrerage Affidavit" attached as an exhibit to the complaint shows that $7,097.22 in remaining established arrears as of May 21, 2025.

court for the appeal of state court decisions. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

Second, to the extent that Plaintiff is asking the Court to intervene in any ongoing state court proceedings, the Court would abstain from doing so under the *Younger* abstention doctrine. Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending.

Perhaps most importantly, this action appears to fall squarely within the domestic relations exception to federal court jurisdiction. *See Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a

result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (the subject of domestic relations belongs to the States); *Cox v. 10th Judicial Circuit*, 8:22-cv-75-CEH-JSS, 2022 WL 1005279, at *1-2 (M.D. Fla. Mar. 10, 2022) (explaining domestic relations exception and recommending dismissal of complaint related to parenting plan), *report and recommendation adopted*, 2022 WL 1001498 (M.D. Fla. Apr. 4, 2022); *Weiner v. Campbell*, No. 8:16-cv-3412-T-36TGW, 2016 WL 7708540, at *3 (M.D. Fla. Dec. 22, 2016) (noting that "federal courts lack jurisdiction to determine issues of parental time-sharing" and recommending dismissal of the complaint), *report and recommendation adopted*, 2017 WL 89076 (M.D. Fla. Jan. 10, 2017).

      For the reasons discussed above, this action is dismissed. Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond. *See Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011)). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* (citing *Tazoe,* 631 F.3d at 1336). Because amendment would be futile, the case is dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of June, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE